# Exhibit A

El Paso County - County Court at Law 6　　　　　　　　　　　　　　　　　Filed 12/21/2020 4:46 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV4140

Case 3:21-cv-00018-FM　　Document 1-1　　Filed 02/01/21　　Page 2 of 13

NO. _____

| | | |
|---|---|---|
| **AARON ROSAS AND ELSA ROSAS** | § | IN THE DISTRICT COURT |
| **Plaintiffs,** | § | |
| | § | |
| V. | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| **JRK COLINAS DEL SOL, LLC** | § | |
| **Defendant.** | § | OF EL PASO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** Aaron Rosas and Elsa Rosas, hereinafter called Plaintiffs, complaining of and about JRK Colinas Del Sol, LLC, hereinafter called Defendant, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiffs intend that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff, Aaron Rosas, is an Individual who resides in El Paso, El Paso County, Texas.

3. The last three numbers of Aaron Rosas's driver's license and social security numbers are available upon request for reasonable purposes.

4. Plaintiff, Elsa Rosas, is an Individual who resides in El Paso, El Paso County, Texas.

5. The last three numbers of Elsa Rosas's driver's license and social security numbers are available upon request for reasonable purposes.

6. Defendant JRK Colinas Del Sol, LLC, a Delaware Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the

registered agent of the corporation, National Registered Agents, Inc., at 1999 Bryan St., Ste. 900, Dallas, TX 75201, its registered office or wherever they may be found. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

7. The subject matter in controversy is within the jurisdictional limits of this court.

8. Plaintiffs seek:

   a. monetary relief of $100,000 or less and non-monetary relief.

9. This court has jurisdiction over Defendant JRK Colinas Del Sol, LLC because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over JRK Colinas Del Sol, LLC will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

10. Plaintiffs would show that Defendant JRK Colinas Del Sol, LLC had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

11. Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant JRK Colinas Del Sol, LLC to the State of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

12. Furthermore, Plaintiffs would show that Defendant JRK Colinas Del Sol, LLC engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

13. Defendant owns and operates apartment complexes in Texas in order to generate revenue by renting the apartments to individuals in Texas.

14. Venue in El Paso County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

15. On or about October 19, 2020, Plaintiffs began communicating with Larissa Fragoso, Property Manager (the "Property Manager") of Defendant's property, The Retreat at Mesa Hills, regarding the leasing of an apartment at The Retreat at Mesa Hills located at 1020 S. Mesa Hills, El Paso, Texas 79912.

16. The Property Manager sent Plaintiffs photos of an example apartment and based on the photos provided, Plaintiffs expressed their interest in entering into a lease with the Property Manager.

17. On or about October 21, 2020, Plaintiffs sent the Property Manager information to begin the leasing process.

18. On or about October 22, 2020, the Property Manager sent Plaintiffs photos that were allegedly of the apartment that Plaintiffs were in discussions to lease. Specifically, the photos were allegedly photos of Apartment 5206 (the "Apartment").

19. Upon viewing the photos, Plaintiffs decided they wanted to lease the Apartment from Defendant and the Property Manager; however, Plaintiffs expressed their desire to delay their move in due to the Covid-19 situation in El Paso.

20. Plaintiffs informed the Property Manager that they would agree to having the lease be effective as of October 23, 2020, even though they would not move in until October 30, 2020.

21. On or about October 26, 2020, Plaintiffs e-signed a Lease to rent the Apartment at The Retreat at Mesa Hills. Defendant's Property Manager executed the Lease on behalf of Defendant on October 27, 2020. A copy of the completely executed Apartment Lease Contract (the "Lease") is attached and incorporated as Exhibit "**A**."

22. Plaintiffs arrived at the Apartment on November 1, 2020, and immediately noticed and documented that the Apartment was not in the condition that was represented in the photos or in communications with the Property Manager.

23. Plaintiffs noted a variety of issues on the Inventory and Condition Form and returned it to the Property Manager on or about November 4, 2020.

24. Among the issues noted that are relevant to Plaintiff's claims herein were the cleanliness of the apartment, paint stains, dirt, faulty door sweep, urine smell in the carpets, water damage in various locations, a cracked bathtub, non-functioning window latches, and broken window screens.

25. Additionally, once in the Apartment, Plaintiffs began experiencing respiratory issues, and their son began to develop a rash.

26. Plaintiffs requested that Defendant fix the issues with the Apartment, however the repair attempts failed to cure most of the issues with the Apartment.

27. Pursuant to the Lease Section 26.2, Plaintiffs promptly notified Defendant through its Property Manager that there were conditions in and around the Apartment that posed a hazard to health and safety.

28. Among the conditions that posed a hazard to the health and safety of Plaintiffs was the existence of suspected mold. Plaintiffs requested Defendant conduct a mold inspection; however, Property Manager replied that Defendant does not do mold inspections, but Plaintiffs

could have one conducted at Plaintiffs' expense.

29. Plaintiffs had a mold inspection conducted and the report stated that the Apartment was uninhabitable. Plaintiffs conveyed this information to Property Manager and asked to be released from the Lease, however Defendant refused.

30. Plaintiffs notified Defendant that the Apartment was uninhabitable and that they could not occupy the Apartment as the mold and other issues posed a risk to their health and safety.

31. Defendant never notified Plaintiffs of the delay in tendering the Apartment to Plaintiffs in a habitable state, and in fact, represented that the Apartment was ready for occupation, even though occupation would be subject to Health and Safety risks.

32. Plaintiffs decided to exercise their right to terminate the Lease for "Delay of Occupancy" pursuant to Section 17 of the Lease.

33. On or about December 3, 2020, Plaintiffs sent Defendant a Letter terminating the Lease pursuant to Section 17.2 of the Lease. A copy of the Letter and the Exhibits thereto[1] is attached and incorporated as Exhibit "**B**."

34. In response to Plaintiffs' termination of the Lease, Defendant posted a Notice of Demand to Vacate dated December 8, 2020 on the Apartment door. A copy of the Notice of Demand to Vacate (hereinafter referred to as the "Notice") is attached and incorporated as Exhibit "**C**."

35. Plaintiffs were forced to hire the undersigned Counsel in order to protect their interests.

## BREACH OF CONTRACT

36. All factual allegations are hereby incorporated by reference as if transcribed

---

[1] A copy of the Lease was originally attached to the Letter as "Exhibit A – Apt. 5206 Lease Agreement" however, the Lease is not attached to the Letter attached herein as Exhibit "B" as it is attached hereto as Exhibit "A."

verbatim.

37. Plaintiffs are proper parties to bring suit for Defendant's breach of the Lease.

38. Plaintiffs performed all of their contractual obligations until grounds excusing them from further performance became apparent.

39. Plaintiffs will show that Defendant breached the Lease, and that Defendant's conduct has caused Plaintiffs to suffer injuries.

## VIOLATION OF TEXAS PROPERTY CODE

40. All factual allegations are hereby incorporated by reference as if transcribed verbatim.

41. Plaintiffs gave notice to Defendant's Property Manager in writing of all issues, however of specific importance of the mold issue on or about November 6, 2020, November 9, 2020, and November 13, 2020.

42. The types of confirmed mold in the Apartment have materially affected the physical health and safety of Plaintiffs and would materially affect the health of an ordinary tenant.

43. Plaintiffs have given Defendant written notice of the mold issue on at least three separate occasions and Defendant has yet to take any action to remedy the issue as of the date of this Petition.

44. Defendant has had a reasonable amount of time to repair or remedy the issues with the Apartment including the mold issue, however the Defendant has failed to make a diligent effort to repair or remedy the mold or other issues.

45. Plaintiffs were current with rent and in compliance with the Lease at the time the notices were given to Defendant.

## FRAUDULENT INDUCEMENT

46. All factual allegations are hereby incorporated by reference as if transcribed verbatim.

47. Defendant made representations to Plaintiffs regarding the Apartment.

48. The representations were material as an ordinary person would have attached importance to the representations and been induced to rely on them in determining whether to enter into a lease agreement.

49. Plaintiffs will show that the representations were false.

50. Defendant knew the representations were false or made them recklessly as positive assertions without knowledge as to their truth at the time that Defendant made them.

51. Defendant made the representations with the intent that the Plaintiffs act on them and enter into a lease agreement.

52. Plaintiffs relied on the representations and entered into the Lease.

53. Defendant's representations have caused Plaintiffs to suffer injuries.

## DECEPTIVE TRADE PRACTICES

54. All factual allegations are hereby incorporated by reference as if transcribed verbatim.

55. Plaintiffs will show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

56. Plaintiffs did not give notice to Defendant as it would be impracticable to do so given that Defendant posted the Notice (Notice of Demand to Vacate) on December 8, 2020, as

set forth above.

57. <u>Unconscionable Action or Course of Action</u>. Defendant engaged in an "…unconscionable action or course of action…" to the detriment of Plaintiffs as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree.

58. <u>Violations of Section 17.46(b)</u>. Defendant violated Section 17.46(b) of the Texas Business and Commerce Code as follows:

(a) Causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by another Tex. Bus. & Com. § 17.46(b)(3);

(b) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation or connection which the person does not Tex. Bus. & Com. § 17.46(b)(5);

(c) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another Tex. Bus. & Com. § 17.46(b)(7);

(d) representing that an agreement confers rights, remedies, or obligations which it does not have or involve, or which are prohibited by law Tex. Bus. & Com. § 17.46(b)(12);

(e) representing that a guaranty or warranty confers or involves rights or remedies which it does not have or involve… Tex. Bus. & Com. § 17.46(b)(20)

(f) representing that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced Tex.

Bus. & Com. § 17.46(b)(22); and

(g) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed Tex. Bus. & Com. § 17.46(b)(24).

59. <u>Producing Cause</u>. Plaintiffs will show that the acts, practices and/or omissions complained of were the producing cause of Plaintiffs' damages more fully described hereinbelow.

60. <u>Reliance</u>. Plaintiffs will further show the acts, practices and/or omissions complained of under Section 17.46 of the Texas Business and Commerce Code were relied upon by Plaintiff to Plaintiff's detriment.

## SUIT FOR DECLARATORY JUDGMENT

61. All factual allegations are hereby incorporated by reference as if transcribed verbatim.

62. No particular type of pleading is required by the Uniform Declaratory Judgments Act; therefore, the general rules of pleading govern declaratory judgment actions [*Frost v. Sun Oil Co.*, 560 S.W.2d 467, 473 (Tex. Civ. App. 1977) (Civ. App.—Houston [1st Dist.] 1977, no writ); *Anderson v. McRae*, 495 S.W.2d 351, 358 (Tex. Civ. App. 1973) (Civ. App.—Texarkana 1973, no writ)]. Under these rules, a petition for declaratory relief must contain a statement in plain and concise language of the Plaintiff's cause of action sufficient to give fair notice of the claim involved and identify the relief sought Tex. R. Civ. P. 45, 47] This requires factual allegations that reflect the existence of a justiciable controversy that show the Plaintiffs' justiciable interest in the controversy, and that the controversy will be settled by the declaration sought [*see United Servs. Life Ins. Co. v. Delaney*, 396 S.W.2d 855, 859 (Tex. 1965); *Firemen's Ins. Co. v. Burch*, 442

S.W.2d 331, 333-35 (Tex. 1968).

63. Plaintiffs request for this Honorable Court to determine and declare:

   a. That the Plaintiffs were entitled to terminate the Lease under Section 17.2 of the Lease;

   b. That Defendant had to accept the termination of the Lease under Section 17.2 of the Lease;

   c. That Plaintiffs are entitled to the return of any deposits or rent paid to Defendant under Section 17.2 of the Lease; and

   d. That the Lease is terminated whether by Rescission or pursuant to the Letter terminating said Lease under Section 17.2 of the Lease.

## SUIT FOR RESCISSION OF CONTRACT

64. All factual allegations are hereby incorporated by reference as if transcribed verbatim.

65. Plaintiffs will show that they were entitled to terminate the Lease under Section 17.2 of the Lease.

66. In addition to or in the alternative, Plaintiffs are entitled to Rescission of the Lease and/or Damages under the Deceptive Trade Practices Act, common law, and equity.

67. Plaintiff will show that the Lease is so marred by fraud that this Honorable Court must set it aside to avoid the unjust enrichment of Defendant.

## MULTIPLE DAMAGES

68. Plaintiffs would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

69. In addition to or in the alternative to committing the acts "…knowingly…," Plaintiffs will show that such acts, practices, and/or omissions were committed "…intentionally…" in that Defendant specifically intended that Plaintiffs act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

70. Therefore, Plaintiffs are entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## EXEMPLARY DAMAGES

71. When committing these acts, the Defendant acted with fraud and/or malice. The Defendant intended to induce Plaintiffs to rely on their misrepresentations. Plaintiffs did rely on Defendant's misrepresentations, and as a direct and proximate result, Plaintiffs have suffered damages. For these reasons, the Court should award exemplary damages to Plaintiffs against Defendant JRK Colinas Del Sol, LLC in an amount within the jurisdictional limits of this Court.

## ATTORNEY'S FEES

72. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code, (c) Section 92.05563, and (d) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Aaron Rosas and Elsa Rosas, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the

maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,
Lopez Molinar & Saroldi, PLLC
310 N. Mesa Street, Suite. 900
El Paso, Texas 79901
Telephone: (915) 838-3900
Facsimile:   (915) 838-3905


By: /s/ Jorge Lopez M.
    Jorge Lopez M.
    Texas Bar No. 24055870
    jorgelopez@lms.legal

    Michael Hirsh
    Texas Bar No. 24116521
    mike@lms.legal

    Attorneys for Plaintiffs
    Aaron Rosas and Elsa Rosas